## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TENNECO AUTOMOTIVE OPERATING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEBVENTION HOLDINGS LLC and WEBVENTION LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. _____ <br> ) <br> )    **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Tenneco Automotive Operating Company, Inc. ("Tenneco"), files this Complaint for Declaratory Judgment against Defendants Webvention Holdings LLC and Webvention LLC (collectively "Webvention") and alleges as follows:

### THE PARTIES

1.     Tenneco Automotive Operating Company, Inc. is a Delaware corporation having a principal place of business at 500 N. Field Drive, Lake Forest, Illinois 60045.

2.     Tenneco is one of the world's leading designers, manufacturers, and distributors of emission control and ride control products and systems for the automotive original equipment market and aftermarket.

3.     Upon information and belief based on publicly available documents, Webvention Holdings LLC is a Delaware limited liability company and the parent company of Webvention LLC.  Webvention Holdings LLC can be served with process through its registered agent, Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware 19801.

4.     Upon information and belief based on publicly available documents, Webvention LLC is wholly-owned by Webvention Holdings LLC and is a Texas limited liability company

with its principal place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670. Webvention LLC can be served with process through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701.

5.      Upon information and belief based on publicly available documents, Webvention LLC is the owner and assignee of U.S. Patent No. 5,251,294 ("the '294 Patent") entitled "ACCESSING, ASSEMBLING, AND USING BODIES OF INFORMATION," which issued October 5, 1993. A true and correct copy of the '294 Patent is attached hereto as **Exhibit A**.

6.      According to the Certificate of Formation of Webvention LLC dated November 3, 2009, Webvention Holdings LLC is the manager of Webvention LLC.

7.      According to the Agreement and Plan of Merger dated November 9, 2009, through which, upon information and belief based on publicly available documents, Webvention LLC obtained the '294 Patent, Webvention Holdings LLC is the agent of Webvention LLC.

8.      According to the Agreement and Plan of Merger, "Webvention Holdings LLC, a Delaware LLC is the sole member of each of the Constituent Companies" Ferrara and Webvention.

9.      According to the Agreement and Plan of Merger, "As of the effective date of the merger Webvention Holdings LLC shall remain the sole member of the surviving company" Webvention LLC.

10.     Upon information and belief based on publicly available documents, Webvention Holdings LLC executed the Agreement and Plan of Merger as the only manager and member of Webvention LLC.

2

## JURISDICTON AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et. seq*.

12.     This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, because this case presents a case of actual controversy within this Court's jurisdiction.  More specifically, this Court may declare, pursuant to the Federal Declaratory Judgments Act, that Tenneco does not infringe the '294 Patent and/or that the '294 Patent is invalid.

13.     Webvention Holdings LLC is subject to personal jurisdiction in Delaware because Webvention Holdings LLC has submitted itself to the jurisdiction of courts in Delaware by virtue of its incorporation under Delaware law.

14.     Upon information and belief, Webvention LLC is subject to personal jurisdiction in Delaware because, *inter alia*, Webvention Holdings LLC, which is incorporated in Delaware, is the parent of Webvention LLC, is the agent of Webvention LLC, exercises control over Webvention LLC, is the sole member of Webvention LLC, and created Webvention LLC for the purpose of owning and enforcing the '294 Patent.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

16.     On April 6, 2010, Graham Gerst of Global IP Law Group, a Chicago-based law firm representing Webvention, sent a letter to James Harrington of Tenneco Automotive Operating Company, Inc. on behalf of Webvention LLC.  A true and correct copy of the letter is attached hereto as **Exhibit B**.

3

17.     In its April 6, 2010 letter, Webvention enclosed a "claim chart demonstrating how the website [www.tenneco.com] infringes claims 28, 37, and 40 of the '294 Patent."

18.     Tenneco Automotive Operating Company, Inc. is the registrant of, operates, and has control over the contents of www.tenneco.com and www.monroe.com.

19.     Webvention's April 6, 2010 letter continued: "The screen shots used in the charts are representative only; other screens and interactivity may infringe those claims as well.  In addition to the charted claims, you should consider claims 29, 31-33, 41-44, 47, 53, 55, and 64, which may also be infringed by the website.  Depending on how the website was constructed, claims 1-8, 12-21, and 78 may also be infringed during the design and programming of the website."

20.     Webvention's April 6, 2010 letter further stated that "For a limited time, however, Webvention has adopted a policy of a single, one-time, fully-paid licensing fee for a non-exclusive, company-wide right to use Webvention's technology.  The details of Webvention's license are set forth on the enclosed license agreement.  In addition to the flat fee, Webvention is offering significant discounts for companies that agree to enter a license with Webvention promptly, as follows:

| License Entered  & Payment Made | License Fee |
| --- | --- |
| Within 60 days of this letter | $80,000 |
| Between 60 and 90 days of this letter | $160,000 |
| More than 90 days after this letter | $300,000" |

21.     Webvention's April 6, 2010 letter stated that "Webvention Licensing LLC reserves all rights with regard to the '294 Patent, including (1) the right to seek damages anytime

within the last six years that your company started to make use of Webvention's patented technology."

22.     On July 20, 2010, Webvention filed a lawsuit against 19 companies alleging infringement of the '294 Patent. That case is *Webvention LLC v. Abercrombie & Fitch, Co., et al.,* Case No. 2:10-cv-253-TJW-CE ("Webvention lawsuit") and is pending in the Eastern District of Texas, Marshall Division.

25.     Upon information and belief, Webvention LLC is solely a licensing entity, and without enforcement, it receives no benefits from the '294 Patent.

26.     Upon information and belief, Webvention LLC was formed in Texas in an attempt to enforce the '294 Patent in the Eastern District of Texas, a forum widely known to be friendly to patent infringement plaintiffs.

28.     Upon information and belief, Webvention LLC has no intent to manufacture or market any apparatus or method according to the '294 Patent and exists solely to extract ransom from wrongfully accused infringers of the '294 Patent, such as Tenneco.

29.     An actual controversy exists between Tenneco and Webvention with respect to whether Tenneco's websites www.tenneco.com or www.monroe.com infringe the '294 Patent.

30.     Tenneco reasonably believes that, under all the circumstances, there is a substantial controversy between Tenneco and Webvention of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31.     The Webvention lawsuit improperly names Tenneco, Inc. as a Defendant. Tenneco, Inc. is not subject to personal jurisdiction in Texas because it has not purposefully availed itself to the laws of the state of Texas. Further, Tenneco, Inc. is not the registrant of, not

the operator of, is not the designer of, and does not have control over the websites www.tenneco.com or www.monroe.com.

24.    Tenneco, Inc. owns the stock of Tenneco Automotive Operating Company, Inc. ("Tenneco"). Tenneco, Inc. and Tenneco are separate and distinct legal entitles that observe all corporate legal formalities.  The presence of personal jurisdiction over one entity does not automatically provide personal jurisdiction over the other.

**COUNT I**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '294 PATENT**

31.    Tenneco hereby restates and re-alleges the allegations set forth in the above paragraphs and incorporates the allegations by reference.

32.    Tenneco does not presently infringe, nor has it ever infringed, any claim of the '294 Patent, either via its website www.tenneco.com or otherwise.

34.    Tenneco is not liable to Webvention because Tenneco fails to practice, *via* its website www.tenneco.com or otherwise, each and every limitation of any of the claims of the '294 Patent.

35.    For example, Independent claims 1 and 74 of the '294 Patent recite "assembling said customized body of information in response to choices of information segments made by said user." Tenneco does not practice these limitations through www.tenneco.com or otherwise.

36.    Independent claims 2 and 75 of the '294 Patent recite "simultaneously while displaying said information content of a segment corresponding to a label to which the user is pointing, displaying information content for a segment corresponding to a label to which the user had previously pointed." Tenneco does not practice these limitations through www.tenneco.com or otherwise.

37.     Independent claims 22 and 76 of the '294 Patent recite "adjusting the boundaries of at least one of said segment."   Tenneco does not practice these limitations through www.tenneco.com or otherwise.

38.     Independent claims 28 and 77 of the '294 Patent recite "labels being displayed in an organized model reflecting relationships among information contents of said corresponding segments." Tenneco does not practice these limitations through www.tenneco.com or otherwise.

39.     Independent claim 58 of the '294 Patent recites "labels being arranged in an organized model reflecting relationships among corresponding said segments."   Tenneco does not practice these limitations through www.tenneco.com or otherwise.

40.     Independent claims 59 and 70 of the '294 Patent recite actions that must be taken "in response to a user requesting assistance in the course of using said program" Tenneco does not practice these limitations through www.tenneco.com or otherwise.

41.     Independent claims 64 and 71 of the '294 Patent recite taking action "in response to user commands."   Tenneco does not practice these limitations through www.tenneco.com or otherwise.

42.     Independent claims 72 and 73 of the '294 Patent recite "altering the organization of the labels in accordance with a revision of said model in response to said second user." Tenneco does not practice these limitations through www.tenneco.com or otherwise.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '294 PATENT

35.     Tenneco hereby restates and re-alleges the allegations set forth in the above paragraphs and incorporates the allegations by reference.

36.     Upon information and belief, Tenneco is not liable to Webvention for infringement of the '294 Patent for the reason that the '294 Patent is invalid. More specifically, the '294 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 132, 251, 252, 253, 287, and 288.

37.     Upon information and belief, the '294 Patent is invalid for the reasons set forth in the Request For *Ex Parte* Re-Examination of the '294 Patent filed with the USPTO and assigned control number 90/011,208 by the United States Patent And Trademark Office (USPTO).

38.     Upon information and belief, the '294 Patent is invalid for the reasons set forth in the Request For *Ex-Parte* Re-Examination of the '294 Patent filed on September 13, 1020 and assigned control number 90/011,229 by the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tenneco prays that:

A.     This Court declare that Tenneco does not infringe the '294 Patent;

B.     This Court declare that the '294 Patent is invalid;

C.     This Court enter judgment declaring that this case is exceptional, and that Tenneco is entitled to recover its costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

D.     Tenneco be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Tenneco hereby demands a trial by jury in this action on all issues triable by a jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert J. Lenihan
Brent G. Seitz
HARNESS DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Suite 200
Troy, MI 48098
Tel: (248) 641-1600

Dated:  September 28, 2010
983906 / 36089

By:   /s/ David E. Moore
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Plaintiff Tenneco Automotive
Operating Company, Inc.*